
**RECEIVED**
CHARLOTTE, N.C.

MAY 13 2005

Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) | CIVIL ACTION NO. 3:03CV578 |
| Plaintiff, | ) | |
| vs. | ) | |
| FREDERICK SCHOFIELD, aka LYDIA SCHOFIELD, | ) | |
| Defendant. | ) | |

## AGREED FINAL ORDER

The parties having advised the Court that they have settled the above captioned case, and that they have agreed that the Court shall enter an Order pursuant to a Settlement Agreement attached hereto as Exhibit A by and between the parties to this action,

It is this _25th_ day of _May_, 2005 hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant shall cease and refrain from, for a period of one (1) year from the date of compliance, which in no event shall be later than April 8, 2005, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Shop No. 760 located at 4 National Drive, Windsor Locks, Connecticut 06096 or within a radius of six (6) miles of the premises of former Shop No. 760, which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Shop existing as of the date Defendant's Franchise Agreement terminated which business repairs or replaces exhaust system components, brake system components, or shocks and struts. During the one-year non-compete period, Defendant may work as an employee of a business referenced above

**DOCUMENT SCANNED**

without being in violation of the non-compete covenant, provided that he/she not act as a manager or sales person for the goods and services covered by this non-compete provision. Defendant represents that he/she will work only as an automotive repair technician at the business located at the site of former Shop No. 760.

2. IT IS FURTHER ORDERED that Defendant shall take any steps necessary to cause the Meineke name and/or logo not to be used on any receipts or other documents associated with the business now operating at the location of former Meineke Shop No. 760.

3. IT IS FURTHER ORDERED that Defendant shall immediately return to Meineke any Meineke materials still in Defendant's control.

4. IT IS FURTHER ORDERED that all other claims in this action are dismissed with prejudice.

5. The Court retains jurisdiction over the parties to enforce the provisions of this Order.

SO ORDERED, this 25th day of May, 2005

_____
UNITED STATES DISTRICT COURT JUDGE

CONSENTED TO IN FORM AND SUBSTANCE:

**DEFENDANT:**

_____     Date: 5/2/5
Frederick Schofield, aka Lydia Schofield


**PLAINTIFF:**

Meineke Car Care Centers, Inc. (formerly
Meineke Discount Muffler Shops, Inc.)


By: _____     Date: 5/13/05
Ted Pearce, Vice President and General Counsel

# EXHIBIT A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

WHEREAS, Meineke Car Care Centers, Inc., formerly Meineke Discount Muffler Shops, Inc. (hereinafter referred to as "Meineke") filed an action in the United States District Court for the Western District of North Carolina on December 1, 2003 against Frederick Schofield, also known as Lydia Schofield (hereinafter referred to as "Defendant") which was assigned Civil Action No. 3:03CV578; and

WHEREAS, before Meineke could complete service of the Summons and Complaint, Defendant filed for bankruptcy on December 19, 2003, which stayed any further action in this lawsuit; and

WHEREAS, on November 30, 2004, the automatic stay was lifted except for any claim for monetary relief pending in the bankruptcy proceeding; and

WHEREAS, Defendant was then served with process on January 25, 2005; and

WHEREAS, subsequent to the filing and service of this action the parties have negotiated in good faith and have reached a settlement of the issues involved in this case and desire to evidence same in writing;

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein, Meineke and Defendant agree as follows:

1. The effective date of this Agreement ("Effective Date") shall be the date of its execution by Meineke at its corporate offices in Charlotte, North Carolina after prior execution by Defendant, and in no event shall such Effective Date be later than April 8, 2005.

2. Defendant shall cease and refrain from, for a period of one (1) year from the date of compliance, which in no event shall be later than April 8, 2005, directly or indirectly owning a legal or beneficial interest in, managing, operating or consulting with: (a) any business operating at the premises of former Shop No. 760 located at 4 National Drive, Windsor Locks, Connecticut 06096 or within a radius of six (6) miles of the premises of former Shop No. 760 which business

repairs or replaces exhaust system components, brake system components, or shocks and struts; and (b) any business operating within a radius of six (6) miles of any Meineke Shop existing as of the date Defendant's Franchise Agreement terminated which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

3. During the one-year non-compete period, Defendant may work as an employee of a business referenced above without being in violation of the non-compete covenant, provided that he/she not act as a manager or sales person for the goods and services covered by this non-compete provision. Defendant represents that he/she will work only as an automotive repair technician at the business located at the site of former Shop No. 760. Defendant acknowledges and agrees that Meineke will conduct secret shoppings at the location of former Meineke Shop No. 760 during the one-year non-compete term and that if Meineke discovers that Defendant is working at the location of former Meineke Shop No. 760 in any capacity other than as an employee, Defendant will be in violation of this Settlement Agreement and Agreed Final Order and Meineke will move for contempt of this Settlement Agreement and Agreed Final Order.

4. Defendant shall take any steps necessary to ensure that the Meineke name and/or logo is not used on any receipts or other documents associated with the business now operating at the location of former Meineke Shop No. 760.

5. Defendant shall immediately return to Meineke any Meineke materials still in Defendant's control.

6. Meineke does for itself, its parent, agents, successors, assigns, affiliates, employees, and legal representatives, hereby release, acquit and forever discharge Defendant, his/her heirs, and administrators and assigns, from any and all claims, causes of action, demands (whether known or unknown), damages, expenses (including attorneys fees), all forms of equitable relief and all consequential damages on account of, in any way growing out of or in any way relating to the Franchise and Trademark Agreement between Meineke and Defendant up through the Effective Date with the exception of the terms set forth in paragraph 8 below. Nothing herein shall constitute a discharge or release of any claim which either party hereafter

may have that arises out of the failure of either party to this Settlement Agreement to perform its obligations, duties, and responsibilities arising under and pursuant to the commitments made in this Settlement Agreement.

7. Defendant, his/her heirs, administrators, successors and assigns hereby release, acquit and forever discharge Meineke, its parent, affiliates and subsidiaries, and the officers, directors, agents, employees, legal representatives, successors and assigns of the same, of and from any and all claims, causes of action, demands (whether known or unknown), damages, costs, expenses (including attorneys fees), compensation of any kind and nature, all forms of equitable relief, and all consequential damages on account of, in any way growing out of or in any way relating to the Franchise and Trademark Agreement between Meineke and Defendant up through the Effective Date.

8. Nothing contained herein shall relieve Defendant from his/her obligation in the Franchise and Trademark Agreement to indemnify and hold Meineke harmless against and from any and all claims, loss, and damage including costs and reasonable attorneys' fees arising out of the sale of products or rendering of services by Defendant at Meineke Shop No. 760 from the time Defendant became an authorized Meineke franchisee up to and including the date Defendant begins compliance with the non-compete covenant set forth in paragraph 2 above.

9. This Settlement Agreement shall be construed and governed by the laws of the State of North Carolina. To the extent it is necessary to enforce the terms of this Settlement Agreement, the parties stipulate and agree that jurisdiction and venue of any such action are proper in the Western District of North Carolina and that any such action will be brought in the Western District of North Carolina.

IN WITNESS WHEREOF this Agreement is executed by the parties on the dates set forth below.

**Meineke Car Care Centers, Inc.**

By: _[signature]_ (Seal)        Date: May 13, 2005

Title: V.P. & Gen'l Counsel

Sworn to and subscribed to before me,
this 13th day of May, 2005

_Alisn E. Foster_
Notary Public
My Commission Expires: 9/26/2009

[Notary Seal]

_[signature]_ (Seal)        Date: 5/7/5
Frederick Schofield, aka Lydia Schofield

Sworn to and subscribed to before me,
this 7th day of May, 2005

_[signature]_
Notary Public
My Commission Expires: _____

Commissioner of the
Superior Court